# SUPREME COURT

OF THE

## STATE OF ILLINOIS,

DELIVERED

## DECEMBER TERM, 1839, AT SPRINGFIELD.

---

## HIRAM HUGUNIN, plaintiff in error v. EDWARD NICHOLSON, defendant in error.

### Error to Cook.

A justice of the peace has jurisdiction in a case where the original indebtedness exceeds one hundred dollars, but has been reduced below that sum by fair credits, although the account may not have been liquidated between the parties.

The Court will presume that a credit allowed on an account by the plaintiff, in a suit before a justice of the peace, is a fair one, until the contrary is shown.

HUGUNIN brought an action against Nicholson, before a justice of the peace of Cook county, upon an account amounting to $909, upon which a credit was entered of $822,19—leaving a balance due of $86,81. It did not appear from the account whether any settlement had been had between the parties.

The summons to the defendant commanded him to answer to the plaintiff for a failure to pay a demand not exceeding $100. On the return of the summons, the parties appeared, and by agreement the cause was continued for a few days, at the expiration of which the justice rendered judgment for the plaintiff for $86,81 and costs. The defendant appealed to the Circuit Court, and at the April term, 1839, the Hon. John Pearson, presiding, the defendant moved the Court to dismiss the suit and reverse the judgment of the justice of the peace, for want of jurisdiction in the justice. The motion was resisted by the plaintiff, but sustained by the Court, and the cause dismissed, and a judgment for

costs rendered against the plaintiff, who excepted to the opinion of the Court, and tendered his bill of exceptions, which was signed and sealed by the Court. The cause was brought to this Court by writ of error.

J. Y. SCAMMON, for the plaintiff in error, relied on the statute of March 2, 1833; R. L. 415; Gale's Stat. 425.

I. N. ARNOLD, for the defendant in error, cited Breese 21, 153, 263, 293; Sands v. Delap, Printed Opinions 116;(1) Leigh v. Mason, do. 199,(2) and contended that the statute of 1833 did not intend to give a justice jurisdiction to investigate an account exceeding $100. It only gave the justice jurisdiction where the demand had been reduced by fair credits, the accounts liquidated, and a balance struck by the parties.

BROWNE, Justice, delivered the opinion of the Court:

This was an action commenced originally by the plaintiff against the defendant, before a justice of the peace of Cook county, and judgment rendered for the plaintiff for $86,81 and costs, from which decision of the justice of the peace, the defendant appealed to the Cook Circuit Court.

The defendant moved the Circuit Court to dismiss the suit for want of jurisdiction, and said motion was sustained, and the suit dismissed. The plaintiff, Hugunin, excepted to the opinion of the Court in dismissing the suit, and assigns for error the dismission of the suit, and giving judgment for costs for the defendant. The summons issued by the justice, was to answer for a failure to pay the plaintiff a demand not exceeding one hundred dollars. The transcript of the justice shows an account of debits amounting to $909,00, and credits to the amount of $822,19, and a balance of $86,81 struck in favor of the plaintiff. The words of the statute of 2d March, 1833,(3) are " although said debt or demand may have been originally over one hundred dollars and reduced below that sum by *fair* credits " &c. It appears, in this case that the demand far exceeded one hundred dollars, but was reduced by credits appearing on the account, to a sum within the jurisdiction of the magistrate. No evidence was adduced showing that the credit was given solely for the purpose of conferring jurisdiction, as appears by the bill of exceptions. We are to presume the credits were fair, until the contrary is shown, which has not been. The judgment of the Circuit Court of Cook County is reversed with costs, and the cause remanded to the Circuit Court to be tried *de novo*.

*Judgment reversed.*

*Note.* See Simpson v. Rawlings, *Ante* 28; Bowers v. Green, *Ante* 42; Tindall v. Meeker, *Ante* 137; Sands v. Delap, *Ante* 168; Mitcheltree v. Sparks, *Ante* 198; note to Trader et al. v. McKee, *Ante* 560. See, also, Newland v. Nees, 3 Blackf. 460.

(1) *Ante* 168.      (2) *Ante* 249.      (3) R. L. 415; Gale's Stat. 425.